4. VENDOR AND PURCHASER, § 244*—*what are remedies of vendor upon default in performance by vendee.* Where a purchaser of land defaults in performance of the contract the vendor may bring an action for specific performance of the contract, or a suit for damages, or he may accept the act as a forfeiture of the contract.

---

## Peter Dewald, Defendant in Error, v. Ferdinand Becker, Plaintiff in Error.

### Gen. No. 22,211.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH LA BUY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Peter Dewald, plaintiff, against Ferdinand Becker, defendant, to recover commissions for goods sold for defendant. From a judgment for plaintiff, defendant brings error.

The contention of the defendant was that plaintiff had not turned over to him all of his collections, defendant claiming that plaintiff was short in his returns by $225. The parties agreed that a check for this amount should be placed in the hands of one John H. Kingsbury until December 21, 1911, by which time if it was ascertained that plaintiff had paid over all moneys collected by him from January 1, 1910, to October 21, 1911, then the amount of this check should be paid to him. The jury found that plaintiff had turned over to defendant all his collections except $39. Defendant wrote a letter to plaintiff under date of December 8, 1911, in which he requested that plaintiff permit defendant to retain the money represented by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the check held by Mr. Kingsbury for the reason "that we are very short of money at the present time, but would be able to give it to you at the time specified. Hoping you will not be inconvenienced by not having the money, we beg to remain," etc.

PHILIP R. BARNES, for plaintiff in error.

LEE & LEE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 84*—*when evidence sufficient to show that salesman had accounted for part of collections.* In an action by a salesman for commissions on goods sold by plaintiff for defendant, evidence *held* sufficient to sustain a finding that plaintiff had accounted for all his collections except a certain sum.

---

### Norman Johnson, Defendant in Error, v. Susan Dellas and Anton J. Cermak, Bailiff, Plaintiffs in Error.

### Gen. No. 22,114.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1916. Reversed with directions. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Norman Johnson, plaintiff, against Susan Dellas and Anton J. Cermak, bailiff of the Municipal Court of Chicago, defendants, to try the right to property taken under execution. From a judgment for plaintiff, defendants bring error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.